# EXHIBIT "A"

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2010 JUN 29 AM 8: 47

A. MARPLE
CLERK

CHARLES J. FERRERA #3310
Attorney at Law
Dillingham Transportation Building
735 Bishop Street, Suite 422
Honolulu, Hawaii 96813
Telephone No. 599-5220

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| GARY VANNATTA,<br><br>  Plaintiff,<br><br>vs.<br><br>WAIANAE COAST COMPREHENSIVE HEALTH CENTER; AUDREY TALEFF, APRN-Rx; JEFFREY CHING, M.D.; MARC E. PATRICK, PA; JOSEPH TURBAN, M.D.; DAVID R. JONES, M.D.; ROBERT BONHAM, M.D.; and DOES 1-100,<br><br>  Defendants. | CIVIL NO. 10-1-1407-06 • KKS<br>(Medical Malpractice)<br><br>COMPLAINT; SUMMONS |

(22563)

## COMPLAINT

Plaintiff Gary Vannatta, through his undersigned counsel, hereby complains as follows:

1. Plaintiff Gary Vannatta (hereinafter referred to as "Plaintiff" and/or "Mr. Vannatta") was at all pertinent times a resident of the City and County of Honolulu, State of Hawaii.

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

2. Defendant Waianae Coast Comprehensive Health Center (hereinafter referred to as "Defendant" or "WCCHC") is and was at all times pertinent herein a corporation doing business in the City and County of Honolulu, State of Hawaii.

3. Defendant WCCHC is vicariously liable for the conduct of Defendants Audrey Taleff, APRN-Rx, Jeffrey Ching, M.D., Marc E. Patrick, PA, Joseph Turban, M.D., David R. Jones, M.D. and Robert Bonham, M.D.

4. Defendant Audrey Taleff, APRN-Rx (hereinafter referred to as "Defendant" and/or "Ms. Taleff") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is an advanced practice registered nurse-(with) prescriptive authority, licensed to practice in the State of Hawaii.

5. Defendant Jeffrey Ching, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Ching") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

6. Defendant Marc E. Patrick, PA (hereinafter referred to as "Defendant" and/or "Mr. Patrick") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician's assistant licensed to practice in the State of Hawaii.

7. Defendant Joseph Turban, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Turban") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

8. Defendant David R. Jones, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Jones") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

9. Robert Bonham, M.D. (hereinafter referred to as "Defendant" and/or "Dr. Bonham") is and was at all times pertinent herein a resident of the County of Honolulu, State of Hawaii, and is a physician licensed to practice and practicing medicine in the State of Hawaii.

10. All incidents complained of herein took place within the jurisdiction of the Circuit Court of the First Circuit, State of Hawaii.

11. DOE DEFENDANTS 1-100 are sued herein under fictitious names for the reason that their true names and identities are presently unknown to the Plaintiff, except that they are connected in some manner with the named Defendants and/or were the parents, guardians, agents, servants, employees, employers, representatives, co-venturers, associates, vendors, suppliers, manufacturers, subcontractors or contractors and/or owners, lessees, assignees, licensees, designees, and engineers of the named Defendants and/or in some manner presently unknown to the Plaintiff engaged in activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiff and/or manufactured and/or designed, and/or placed on the market a product which was defective; which defect was a proximate cause of injuries or damages to Plaintiff and/or inspected and/or maintained and/or controlled some object or product in a negligent manner which negligence was a proximate cause of injuries or damages to Plaintiff and/or conducted some activity in a negligent or dangerous manner; which negligent or dangerous conduct was a proximate cause of injuries or damages to Plaintiff and/or were in

some manner related to the named Defendants and Plaintiff prays for leave to insert herein their true names, identities, capacities, activities and/or responsibilities when the same are ascertained. Plaintiff and his counsel have made a diligent and good faith effort to ascertain the full names and identities of all potential Defendants herein by examining all documents available to them in this matter.

12. Plaintiff has obtained and reviewed documents concerning the incident which is described in this complaint in an attempt to ascertain the names and identities of the persons and/or entities who are in some manner responsible for the injuries to Plaintiff. However, Plaintiff at this time is unable to identify the names and identities of the persons and/or entities until Plaintiff proceeds with discovery. Plaintiff prays leave to insert herein their true names and capacities, activities, and/or responsibilities when the same are ascertained.

13. This is an action for medical negligence arising out of Plaintiff Mr. Vannatta's visits to Defendant Waianae Coast Comprehensive Health Center on September 4, 2007, September 10, 2007, September 23, 2007, September 24, 2007, September 25, 2007 and September 26, 2007. During these visits, the medical personnel named above failed to properly assess, diagnose and treat Plaintiff's condition which included an epidural abscess. The abscess grew unabated, ultimately resulting in serious neurological damage to Plaintiff. Investigation of this suspicious condition and configuration of symptoms should have begun on September 4, 2007.

14. On September 4, 2007, Mr. Vannatta had body aches, chills, fever and a weak stream of urine. Labs for chlamydia/gonorrhea were ordered and came back normal.

15. On September 10, 2007, Mr. Vannatta was seen by Defendant Dr. Ching, who diagnosed him with a urinary tract infection and a positive culture for Staph A. Mr. Vannatta was not given adequate instructions as to when to return to the emergency room and/or when to see another physician.

16. On September 23, 2007, Mr. Vannatta was seen by Defendant Dr. Turban, who noted that Mr. Vannatta was being treated for a urinary tract infection, that he still had UTI symptoms and that he now had low back pain that radiated to the front. Dr. Turban attributed the back pain to Mr. Vannatta's moving furniture. Mr. Vannatta was seen by Defendant Mr. Patrick. At this point, the relationship between the low back pain and the UTI symptoms should clearly have been investigated.

17. On September 24, 2007, Mr. Vannatta was seen by Defendant Dr. Bonham at the WCCHC emergency department. Dr. Bonham noted that the patient had been diagnosed with a UTI on September 4, 2007, and treated with Cypro and that the patient had back pain, intermittent fever and had not slept well for 4 nights. At this point, an investigation of a possible epidural abscess should clearly have been undertaken.

18. On September 25, 2007, Mr. Vannatta was seen by Defendant Dr. Jones, who diagnosed him with pyelonephritis and prescribed Ceftriaxone. Dr. Jones noted that Mr. Vannatta had not moved his bowels in several days and was sweating. Dr. Jones ordered labs to see if the infection was responding to antibiotics.

19. On September 26, 2007, Mr. Vannatta was seen at the Hawaii Medical Center East ("HMC") emergency department where a consult was sent up with Russell Wong, M.D., an infectious disease specialist, who diagnosed probable epidural abscess and ordered an

MRI.

20. On September 26, 2007, Bernard Robinson, M.D., a neurosurgeon, removed pus from T5-T9 in an operation performed at HMC. Because the removal of the abscess was done so late, Mr. Vannatta suffered neurological problems which have sequelae including impotence.

21. The physicians/medical professionals who treated Mr. Vannatta on September 4, 2007, at WCCHC, Emergency Department, including Defendant Ms. Taleff, fell below the standard of care and/or were negligent, without limitation, in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in failing to treat Mr. Vannatta's condition, in failing to properly counsel Mr. Vannatta regarding his condition, in failing to order appropriate imaging studies, in failing to seek an expert consultation, and in failing to generally provide appropriate care.

22. The physicians/medical professionals who treated Mr. Vannatta on September 10, 2007, at WCCHC, Emergency Department, including Defendant Dr. Ching, fell below the standard of care and/or were negligent, without limitation, in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in failing to treat Mr. Vannata's condition, in failing to properly counsel Mr. Vannatta regarding his condition, in failing to order appropriate imaging studies, in failing to seek an expert consultation, and in failing to generally provide appropriate care.

23. The physicians/medical professionals who treated Mr. Vannatta on September 23, 2007, at WCCHC, Emergency Department, including Defendant Dr. Turban, fell below the standard of care and/or were negligent, without limitation, in not ordering appropriate

diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in failing to treat Mr. Vannatta's condition, in failing to properly counsel Mr. Vannatta regarding his condition, in failing to order appropriate imaging studies, in failing to seek an expert consultation, and in failing to generally provide appropriate care.

24. The physicians/medical professionals who treated Mr. Vannatta on September 24, 2007, at WCCHC, Emergency Department, including Dr. Bonham, fell below the standard of care and/or were negligent, without limitation, in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in failing to treat Mr. Vannata's condition, in failing to properly counsel Mr. Vannatta regarding his condition, in failing to order appropriate imaging studies, in failing to seek an expert consultation, and in failing to generally provide appropriate care.

25. The physicians/medical professionals who treated Mr. Vannatta on September 25, 2007, at WCCHC, Emergency Department, including Defendant Dr. Jones, fell below the standard of care and/or were negligent, without limitation, in not ordering appropriate diagnostic tests, in failing to diagnose Mr. Vannatta's condition, in failing to treat Mr. Vannata's condition, in failing to properly counsel Mr. Vannatta regarding his condition, in failing to order appropriate imaging studies, in failing to seek an expert consultation, and in failing to generally provide appropriate care.

26. Given the fact that Mr. Vannatta presented consistently with fever, urinary problems, other neurological problems and back pain, an epidural abscess or some spinal pathology should have been investigated beginning on or shortly after September 4, 2007. Had a proper investigation been undertaken, the abscess would have been discovered and could have

been treated and/or removed at a time early enough to prevent the neurological damage which Mr. Vannatta suffered. Thus the failure to discover and treat the abscess was a proximate cause of Mr. Vannatta's current neurological deficits.

27. The care and treatment rendered by Defendants was below the standard of care and proximately caused Plaintiff serious and permanent physical and mental injuries for which Plaintiff seeks general damages for pain and suffering, special damages for past, present and future medical bills, past, present and future wage loss and other special damages and other damages as more fully set forth below.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Special damages including but not limited to Plaintiff's medical expenses (past and future), lost wages (past and future), and loss of earning and/or working capacity in an amount according to proof at trial but in excess of the minimum jurisdiction of this Court;

2. General damages in an amount according to proof at trial but in excess of the minimum jurisdiction of this Court;

3. Interest and pre-judgment interest;

4. Attorney's fees and costs;

5. Such other and further relief as the Court may deem just and proper.

DATED: Honolulu, Hawaii, _____JUN 2 8 2010_____.

_____
CHARLES J. FERRERA
Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | | |
|---|---|---|
| GARY VANNATTA, | ) | CIVIL NO. _____ |
| | ) | (Medical Malpractice) |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| vs. | ) | |
| | ) | |
| WAIANAE COAST COMPREHENSIVE HEALTH CENTER; AUDREY TALEFF, APRN-Rx; JEFFREY CHING, M.D.; MARC E. PATRICK, PA; JOSEPH TURBAN, M.D.; DAVID R. JONES, M.D.; ROBERT BONHAM, M.D.; and DOES 1-100, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

(22563)

## SUMMONS

TO THE DEFENDANT(S):

You are hereby summoned and required to serve upon Charles J. Ferrera, Plaintiff's attorney, whose address is 735 Bishop Street, Suite 422, Honolulu, Hawaii 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to he general public, unless a judge of the above-entitled Court permits, in writing on this Summons, personal delivery during those hours.

A failure to obey this Summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, _____ JUN 2 9 2010 _____.

A. MARPLE (SEAL)
Clerk of the above-entitled Court